# EXHIBIT B

EXHIBIT B

Summons and Complaint

Electronically Issued
5/12/2023 9:18 PM

**SUMM**
Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No. 12225
joshh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

LEANN MERCER, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

CAESARS ENTERTAINMENT, INC.; PARIS LAS VEGAS OPERATING CO., LLC; and DOES 1 through 50, inclusive,

Defendants.

Case No.: A-23-870682-C
Dept. No.

**SUMMONS - CIVIL**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO DEFENDANT PARIS LAS VEGAS OPERATING CO., LLC:** A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

(b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and failure to so respond will result in judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

STEVEN D. GRIERSON
CLERK OF COURT

By: ______________________ 5/16/2023
Deputy Clerk Date

Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

Demond Palmer

Submitted by:

**THIERMAN BUCK LLP**

*/s/ Joshua R. Hendrickson*

Mark R. Thierman
Joshua D. Buck
Joshua R. Hendrickson
Leah L. Jones
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511

*Attorneys for Plaintiff*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

Electronically Issued
5/12/2023 9:18 PM

**SUMM**

Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No. 12225
joshh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff*

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

LEANN MERCER, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

~~CAESARS ENTERTAINMENT, INC.;~~ PARIS LAS VEGAS OPERATING CO., LLC; and DOES 1 through 50, inclusive,

Defendants.

Case No.: A-23-870682-C
Dept. No.

**SUMMONS - CIVIL**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO DEFENDANT CAESARS ENTERTAINMENT, INC.:** A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

(b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and failure to so respond will result in judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

STEVEN D. GRIERSON
CLERK OF COURT

By: ______________________ 5/16/2023
Deputy Clerk Date

Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

Submitted by:

**THIERMAN BUCK LLP**

Demond Palmer

*/s/ Joshua R. Hendrickson*

Mark R. Thierman
Joshua D. Buck
Joshua R. Hendrickson
Leah L. Jones
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511

*Attorneys for Plaintiff*

Electronically Filed
5/12/2023 9:18 PM
Steven D. Grierson
CLERK OF THE COURT

COMJD

Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No. 12225
joshh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff*

CASE NO: A-23-870682-C
Department 6

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

LEANN MERCER, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

CAESARS ENTERTAINMENT, INC.; PARIS LAS VEGAS OPERATING CO., LLC; and DOES 1 through 50, inclusive,

Defendants.

Case No.:
Dept. No.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207, *et al.*;
2) Failure to Pay Minimum Wages in Violation of the Nevada Constitution and § NRS 608.250;
3) Failure to Compensate for All Hours Worked in Violation of NRS 608.016 and 608.140;
4) Failure to Pay Overtime in Violation of NRS § 608.018 and NRS § 608.140; and
5) Failure to Pay Wages Due and Owing in Violation of NRS 608.020-.050 and NRS 608.140.

**ARBITRATION EXEMPTION CLAIMED: CLASS ACTION**

**LIEN REQUESTED PURSUANT TO NRS 608.050**

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff LEANN MERCER, on behalf of herself and all others similarly situated, and alleges the following:

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

All allegations in the Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and her counsel. Each allegation in the Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the state law claims alleged herein because the amount in controversy exceeds $15,000 and a party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Revised Statute ("NRS") Chapter 608. *See Neville v. Eighth Judicial Dist. Court in & for County of Clark*, 406 P.3d 499, 502 (Nev. 2017). Plaintiff made a proper demand for wages due pursuant to NRS 608.140 on May 4, 2023. Plaintiff also claims a private cause of action to foreclose a lien against the property owner for wages due pursuant to NRS 608.050.

2. This Court has jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

3. Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in this judicial district and many of the acts complained of herein occurred in Clark County, Nevada, which is located within this district.

**PARTIES**

4. Plaintiff LEANN MERCER ("Plaintiff" or "MERCER") is a natural person who is and has been a resident of Clark County, Nevada during the relevant time period alleged herein.

5. Defendant CAESARS ENTERTAINMENT, INC. ("Caesars") is a foreign corporation headquartered in Nevada and is the largest casino operator in the United

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

States. Caesars' Agent of Service, Corporation Service Company, is located at 112 N. Curry Street, Carson City, NV, 89703, USA.

6. Defendant PARIS LAS VEGAS OPERATING CO., LLC ("Paris") is a Domestic Limited-Liability Company registered with the Nevada Secretary of State. Paris' Agent of Service, Corporation Service Company, is located at 112 N. Curry Street, Carson City, NV, 89703, USA.

7. Caesars and Paris are each referred to herein as a "Defendant" or "Defendants." The Defendants named herein are the employers of Plaintiff and all collective and class action members alleged herein. Defendants are employers engaged in commerce under the provisions of NRS 608.011.

8. The identity of DOES 1-50 is unknown at this time and the Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each Defendant sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant" or "Defendants" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

9. Caesars owns and operates the World Series of Poker ("WSOP"). The WSOP is a series of poker tournaments held annually in Paradise, Nevada. Every year, Caesars operates WSOP tournaments and live cash games at casino hotels that are owned and operated by Caesars, including the Rio All-Suite Hotel and Casino, the Paris Las Vegas Hotel and Casino, and (starting in 2023) the Horseshoe Las Vegas Hotel and Casino. Caesars employs poker dealers to work at their WSOP tournaments and live cash games every year.

10. Plaintiff has worked as a seasonal WSOP dealer for Caesars every year since 2017, except 2020 (due to the COVID 19 pandemic). While Caesars initially classified Plaintiff as an independent contractor prior to 2020, beginning in 2021 and continuing through the present, Defendants have hired Plaintiff each year to work as an hourly paid non-exempt employee dealer for WSOP tournaments and live cash games

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

for the duration of the WSOP season. Each year, Defendants have terminated Plaintiff's employment at the conclusion of the WSOP season.

**Defendants' Failure to Pay For Time Worked Attending Required Training Sessions**

11. Defendants required Plaintiff and all other similarly situated WSOP dealers to attend training sessions around the beginning of each WSOP season. Training focused on subjects such as Defendants' active shooter protocols, anti-money laundering rules, sexual harassment policies, safety policies, cardroom rules and policies, and other practices and policies concerning Defendants' business and employment of Plaintiff and other WSOP dealers.

12. Defendants did not pay Plaintiff and other similarly situated WSOP dealers for all of their time worked attending these training sessions. For example, Plaintiff estimates that she spent approximately seven-and-a-half (7.5) hours attending training sessions at the beginning of the 2022 WSOP season. However, Defendants only paid Plaintiff for three (3) hours of work for her time spent attending training sessions. Defendants did not pay Plaintiff for the additional four-and-a-half (4.5) hours spent attending training sessions.

13. Plaintiff's experience as described above is not unique. Other WSOP dealers have informed Plaintiff that they have similarly only been paid for (3) hours of training time, even though such employees similarly spent significantly more than three hours of time attending the required training sessions. Based on information and belief, Defendants systemically failed to pay Plaintiff and all other similarly situated WSOP dealers for their time worked attending required training sessions.

**Defendants' Failure to Include Non-Discretionary Payments in Overtime Calculations**

14. Defendants paid Plaintiff an hourly base rate of $12.50 per hour. In addition, when Plaintiff was dealing certain games, Defendants paid Plaintiff an additional guaranteed amount of $15.00 to $20.00 per "down," which Defendants

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

referred to as a "Guaranteed Down Rate." A "down" refers to a set amount of time (commonly half an hour) that a poker dealer spends dealing cards at a given table. Including the Guaranteed Down Rate, WSOP poker dealers could earn a regular hourly rate of over $50 an hour.

15. Plaintiff regularly worked in excess of eight (8) hours in a workday and forty (40) hours in a workweek. When Plaintiff worked overtime, she was compensated overtime at one and one-half (1 ½) times her base hourly rate of pay without including the additional non-discretionary compensation paid in the form of the Guaranteed Down Rate wages.

16. For example, attached hereto as Exhibit A is a true and correct copy of an itemized pay statement that Defendants provided to Plaintiff, which represents employee wages for the pay period of June 10, 2022, through June 23, 2022. During this two-week pay period, Plaintiff worked 106.5 hours. Based on information and belief, Plaintiff worked more than eight (8) hours in a workday and forty (40) hours in a workweek in each of the two workweeks falling within this pay period. Defendants compensated Plaintiff for 80 hours of regular time at her base rate of $12.50 per hour, for a total of $1000.00. Defendants further compensated Plaintiff an additional $1,750.00 in three separate line items labeled "Tokes," which included the Guaranteed Down Rate due for time worked dealing specified tables during that pay period. However, Defendants only compensated Plaintiff for her 26.5 hours of overtime at an overtime rate of $18.75 (1 ½ times her base hourly rate of $12.50), for a total of $496.88. Defendants did not include the nondiscretionary Guaranteed Down Rate compensation in the regular rate for the purpose of calculating overtime and did not pay Plaintiff any overtime premium on the Guaranteed Down Rate wages. Plaintiff is therefore owed $217.72 in unpaid overtime for this pay period.

17. Plaintiff's experience as described above is not unique. Defendants maintain an unlawful payment practice of paying Plaintiff and all other similarly situated employees the base hourly rate of pay for overtime without including other forms of non-

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

discretionary compensation such as the Guaranteed Down Rate. Defendants' calculation error is systematic and applies to all non-exempt employees who worked overtime within the relevant period and who were paid non-discretionary compensation in the form of a Guaranteed Down Rate beyond their base hourly pay. Defendants are legally required to maintain all pay documentation that will demonstrate the amount of overtime wages owed to Plaintiff and all members of the putative collective action and classes.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

18. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

19. Plaintiff brings this action on behalf of herself and all other similarly situated employees as a collective action under the Fair Labor Standards Act (FLSA) and a class action under Rule 23 of the Federal Rules of Civil Procedure.

20. Plaintiff brings this action on behalf of herself and the following FLSA Collective of similarly situated individuals:

> **FLSA Collective:** All persons who worked over 40 hours in a workweek and who were paid a base hourly rate of pay plus non-discretionary compensation in the form of a Guaranteed Down Rate and who were employed by Defendants in the United States at any time during the relevant time period.

21. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those she seeks to represent for the following reasons, among others:

A. Defendants employed Plaintiff and all other FLSA Collective Members as hourly-paid employees who did not receive their overtime premium pay at one and one-half times the regular rate of pay for all hours they worked over forty (40) hours in a workweek.

B. Plaintiff's situation is similar to those she seeks to represent because Defendants failed to pay Plaintiff and all other FLSA Collective Members their full overtime wages owed.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

C. Common questions exist as to whether Plaintiff and all other members of the FLSA Collective worked overtime hours but yet were not compensated their correct overtime rate of pay.

D. Upon information and belief, Defendants employ, and have employed, in excess of 1,000 FLSA Collective Members within the applicable statute of limitations period.

E. Plaintiff has signed or will sign a Consent to Sue form to be filed in the court.

22. Plaintiff brings this action on behalf of herself and the following **Nevada Classes** of similarly situated individuals employed by Defendants:

A. **Regular Rate Class:** All persons who worked over 40 hours in a workweek and who were paid a base hourly rate of pay plus non-discretionary compensation in the form of a Guaranteed Down Rate and who were employed by Defendants in the state of Nevada at any time during the relevant time period.

B. **Training Class:** All current and former persons employed by Defendants as WSOP dealers during the relevant time period in the State of Nevada who attended Defendants' required training sessions without receiving compensation for all hours worked attending such training.

C. **Wages Due and Owing Sub-Class:** All members of the Regular Rate Class and/or the Training Class who are former employees.

23. Class treatment is appropriate under Rule 23's class certification mechanism because:

A. <u>The Classes are Sufficiently Numerous</u>: Upon information and belief, Defendants employ and have employed in excess of 1,000 Class Members in each class within the applicable time period. Because Defendants are legally obligated to keep accurate payroll records, Plaintiff alleges that Defendants' records will establish the members of these Classes as well as their numerosity.

B. <u>Plaintiff's Claims are Typical to Those of Fellow Class Members</u>: Each Class Member is and was subject to the same practices, plans, or policies as Plaintiff.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

C. Common Questions of Law and Fact Exist: Common questions of law and fact exist and predominate as to Plaintiff and the Class Members, including, without limitation: (1) Whether Defendants paid Overtime wages at the correct legal rate; and (2) Whether Plaintiff and members of the Wages Due and Owing Sub-Class Class are entitled to continuation wages for the failure to pay them pursuant to Nevada law.

D. Plaintiff is an Adequate Representative of the Classes: Plaintiff will fairly and adequately represent the interests of the Classes because Plaintiff is a member of all the Classes, she has issues of law and fact in common with all members of the Classes, and her interests are not antagonistic to Class members. Plaintiff and her counsel are aware of their fiduciary responsibilities to Class Members and are determined to discharge those duties diligently by vigorously seeking the maximum possible recovery for Class Members.

E. Predominance/Superior Mechanism: Class claims predominate and a class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate its employees in accordance with Nevada wage and hour law. The prosecution of individual remedies by each Class Member will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of Class Members' rights and the disposition of their interest through actions to which they were not parties.

## FIRST CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of FLSA, 29 U.S.C. § 207**

**(On Behalf of Plaintiff and the FLSA Collective Against Defendants)**

24. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

25.    29 U.S.C. § 207(a)(1) provides as follows:  "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times **the regular rate** at which he is employed." *Emphasis added*.

26.    "Regular rate" is defined to include "all remuneration for employment paid to, or on behalf of, the employee[.]"  29 U.S.C. § 207(e); *see also* 29 C.F.R. § 778.211 ("Bonuses which are announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay.)  "The regular rate by its very nature must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments. It is not an arbitrary label chosen by the parties; it is an actual fact.'" *Newman v. Advanced Tech. Innovation Corp.,* 749 F.3d 33, 37 (1st Cir. 2014) (quoting *Walling v. Youngerman–Reynolds Hardwood Co.,* 325 U.S. 419, 424, 65 S.Ct. 1242, 89 L.Ed. 1705 (1945)); *see also* 29 C.F.R. § 778.211 ("For example, any bonus which is promised to employees upon hiring or which is the result of collective bargaining would not be excluded from the regular rate under this provision of the Act.").

27.    Based on the allegations set forth above, Defendants failed to include non-discretionary compensation in the form of Guaranteed Down Rate wages in the regular rate of pay for the purposes of calculating overtime premiums due to Plaintiff and all members of the FLSA Collective.

28.    The statute of limitations under the FLSA is 3 years for willful violations. Defendants' policy of failing to pay overtime on nondiscretionary wages for time worked is a willful and reckless violation of federal wage and overtime requirements.  Defendants have sought to avoid their wage-hour obligations by refusing to properly compensate employees for overtime even though there is no reasonable basis to exclude the

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

nondiscretionary Guaranteed Down Rate wages from the regular rate of pay for purposes of calculating overtime compensation. Accordingly, Defendant's conduct in this regard has been willful.

29. Wherefore, Plaintiff demands for herself and all FLSA Collective Members that Defendants pay Plaintiff and FLSA Collective Members their full overtime wages at the applicable legal rate of pay during the relevant time period together with liquidated damages, attorneys' fees, costs, as provided by law.

**SECOND CAUSE OF ACTION**

**Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS § 608.250**

**(On Behalf of Plaintiff and the Training Class Against Defendants)**

30. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

31. Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of this section may not be waived by agreement between an individual employee and an employer. ... An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

32. NRS 608.016 states, "An employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

33. Nevada law does not permit the averaging of minimum wages over the course of the workweek. *See In re: Amazon.com v. Busk*, 905 F.3d 387, 406-07(6th Cir.

2018). Each hour worked must be compensated at least at the requisite minimum wage rate.

34. By failing to compensate Plaintiff and all other members of the Training Class for all time spent attending required training sessions, Defendants failed to pay Plaintiff and members of the Training Class at least the Constitutionally required minimum wage for all the compensable hours they worked.

35. Wherefore, Plaintiff demands for herself and for all Training Class Members payment by Defendants at the minimum wage rate of pay or their regular hourly rate, whichever is higher, including all overtime premiums if applicable, for all hours worked during the relevant time period alleged herein together with attorneys' fees, costs, and interest, and all other damages, as provided by law.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## THIRD CAUSE OF ACTION

**Failure to Compensate for All Hours Worked in Violation of NRS § 608.016 and NRS § 608.140**

**(On Behalf of Plaintiff and the Training Class Against Defendants)**

36. Plaintiff realleges and incorporates by this reference all the paragraphs above in the Complaint as though fully set forth herein.

37. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

38. NRS 608.016, entitled, "Payment for each hour of work; trial or break-in period not excepted," states that: "An employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

39. By failing to compensate Plaintiff and all other members of the Training Class for all time spent attending and completing required training sessions, Defendants failed to pay Plaintiff and members of the Training Class for all the compensable hours they worked in violation of NRS 608.140 and 608.016.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

40. Wherefore, Plaintiff demands for herself and for all Training Class Members payment by Defendants at their regular rate of pay, or any applicable overtime premium rate, whichever is higher, for all hours worked but not paid during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

**FOURTH CAUSE OF ACTION**

**Failure to Pay Overtime Wages in Violation of NRS § 608.018 and NRS § 608.140**

**(On Behalf of Plaintiff and the Nevada Regular Rate Class Against Defendants)**

41. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

42. NRS 608.140 provides that an employee has a private right of action to sue for unpaid wages.

43. NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate set forth in NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

44. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate set forth in NRS 608.250 works more than 40 hours in any scheduled week of work.

45. The "regular rate" under Nevada is the same as defined under federal law. *See* NAC 608.125(2) ("If an employee is paid by salary, piece rate or any other wage rate except for a wage rate based on an hour of time, the rate of compensation for the purposes of paragraph (b) of subsection 2 of NRS 608.018 is determined by dividing the

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

amount paid to an employee in a week by the number of hours worked by the employee during the week.").

46. Based on the allegations set forth above, Defendants failed to include non-discretionary compensation in the form of Guaranteed Down Rate wages in the regular rate of pay for Plaintiff and all members of the Nevada Regular Rate Class.

47. Wherefore, Plaintiff demands for herself and all Nevada Regular Rate Class Members that Defendants pay Plaintiff and Nevada Regular Rate Class Members their full overtime wages at the applicable legal rate of pay during the relevant time period together with attorneys' fees, costs, and interest, as provided by law.

**<u>FIFTH CAUSE OF ACTION</u>**

**Failure to Pay Wages Due and Owing in Violation of NRS § 608.020-.050 and NRS § 608.140**

**(On Behalf of Plaintiff and the Wages Due and Owing Sub-Class Against Defendants)**

48. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

49. NRS 608.140 provides that an employee has a private right of action for unpaid wages. Plaintiff has made a demand for unpaid wages upon Defendant pursuant to NRS 608.140, but satisfactory payment was not received.

50. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

51. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30 days, whichever is less."

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

52. NRS 608.012 defines the term "wages" to specifically include "[a]mounts due to a discharged employee or to an employee who resigns or quits pursuant to NRS 608.040."

53. NRS 608.050(1) further grants each discharged or laid-off employee the right to continue to "charge and collect wages in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default," while NRS 608.050(2) provides "[e]very employee . . . a lien as provided in NRS 108.221 to 108.246, inclusive, and all other rights and remedies for the protection and enforcement of such salary or wages as the employee would have been entitled to had the employee rendered services therefor in the manner as last employed."

54. By failing to pay Plaintiff and members of the FLSA Collective and the Nevada Regular Rate and Training Classes their full wages due and owing to them, Defendants have failed to timely remit all wages due and owing to Wages Due and Owing Sub-Class Members.

55. Despite demand, Defendants willfully refuse and continue to refuse to pay Wages Due and Owing Sub-Class Members all the wages that were due and owing upon the termination of their employment.

56. Wherefore, Plaintiff demands for all Wages Due and Owing Sub-Class Members that Defendants pay Wages Due and Owing Sub-Class Members thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, together with attorneys' fees, costs, and interest as provided by law.

**PRAYER FOR RELIEF**

Wherefore Plaintiff, by herself and on behalf of all members of the Collective and all Classes, prays for relief as follows relating to her class and collective action allegations:

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

1. For an order conditionally certifying the action under the FLSA and providing notice to all similarly situated employees so they may participate in the lawsuit;
2. For an order certifying this action as a class action on behalf the proposed Nevada state law Classes and providing notice to all Class Members so they may participate in this lawsuit;
3. For an order appointing Plaintiff as the Representatives of the Collective and Classes and her counsel as Collective and Class Counsel;
4. For damages according to proof for overtime wages at the correct legal rate of pay under federal law;
5. For liquidated damages for the improper overtime payments;
6. For damages according to proof for overtime wages at the correct legal rate of pay under state law;
7. For continuation wages;
8. For a lien on the properties where Plaintiff and all Nevada Class Members labored;
9. For interest as provided by law at the maximum legal rate;
10. For reasonable attorneys' fees authorized by statute;
11. For costs of suit incurred herein;
12. For pre-judgment and post-judgment interest, as provided by law; and
13. For such other and further relief as the Court may deem just and proper.

DATED: May 12, 2023

THIERMAN BUCK LLP

*/s/ Joshua R. Hendrickson*
Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No. 12225
joshh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com

# Exhibit A

LEANN MARIE D MERCER
184203 20220627 175109

EMPLOYER:PLV
PROPERTY:N70

EE NO: [redacted]
DEPT NO: 10118

BULLETIN BOARD

PARIS LV OPERATING CO LLC 3655 LAS VEGAS BLVD SOUTH, LAS VEGAS,NV 89109

SPECIAL INFORMATION

PTO/VAC TAKEN PAY PD
PTO/VAC AVAILABLE
PTO/VAC TAKEN YTD

CHECK NO: 18288257

CHECK DATE: 6/30/2022
PERIOD BEGIN: 6/10/2022
PERIOD END: 6/23/2022
PAY FREQUENCY: B
PRIMARY JOB BASE RATE: 12.5000

| | GROSS | PRE TAX | TAXABLE WAGES | TAXES | DEDUCTIONS | | NET PAY |
|---|---|---|---|---|---|---|---|
| CURRENT | 3246.88 | 324.69 | 2922.19 | 685.89 | 2236.30 | | |
| Y-T-D | 5389.05 | 324.69 | 5064.36 | 1050.86 | 4013.50 | | |

HOURS AND EARNINGS

| DESCRIPTION | UNIT/ HOURS | CURRENT RATE | CURRENT EARNINGS | UNIT/ Y-T-D HOURS | Y-T-D EARNINGS |
|---|---|---|---|---|---|
| REGULAR | 80.00 | 12.5000 | 1000.00 | 128.00 | 1600.00 |
| OVERTIME | 26.50 | 18.7500 | 496.88 | 43.00 | 806.26 |
| OT PREM | | | | | 5.29 |
| TOKES | | | 280.00 | | 2840.00 |
| TOKES | | | 705.00 | | |
| TOKES | | | 765.00 | | |
| INCENTIVE | | | | | 100.00 |
| ORIENTATN | | | | 3.00 | 37.50 |
| TOTAL HRS WORKED | 106.50 | | 1496.88 | 174.00 | 2443.76 |
| TOTAL | 106.50 | | 3246.88 | 174.00 | 5389.05 |

TAXES AND DEDUCTIONS

| DESCRIPTION | CURRENT AMOUNT | Y-T-D AMOUNT |
|---|---|---|
| FEDERAL TX | 437.50 | 638.60 |
| FICA TAXES | 248.39 | 412.26 |
| 401K PRE T | 324.69 | 324.69 |
| DIRECT DEP | 2236.30 | 4013.50 |
| TOTAL | 3246.88 | 5389.05 |

**PARIS LV OPERATING CO LLC**
**1 CAESARS PALACE DRIVE**
**LAS VEGAS, NV 89109**

NO. 18288257

DATE 6/30/2022

AMOUNT
$*****2236.30*

**NAME** LEANN MARIE D MERCER
[redacted]
LAS VEGAS, NV [redacted]

DIRECT DEPOSIT ACCOUNT ****[redacted]3183

**NON-NEGOTIABLE**

**DIRECT DEPOSIT ADVICE**