MONTGOMERY Y. PAEK, ESQ.
Nevada Bar No. 10176
AMY L. THOMPSON, ESQ.
Nevada Bar No. 11907
MICHAEL D. DISSINGER, ESQ.
Nevada Bar No. 15208
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169.5937
Telephone:   702.862.8800
Fax No.:       702.862.8811
mpaek@littler.com
athompson@littler.com
mdissinger@littler.com

Attorneys for Defendants
CAESARS ENTERTAINMENT, INC. AND PARIS LAS VEGAS OPERATING CO., LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LEANN MERCER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAESARS ENTERTAINMENT, INC.; PARIS LAS VEGAS OPERATING CO., LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00958-MMD-NJK<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS FOR 120 DAYS PENDING MEDIATION**<br><br>**[FIRST REQUEST]** |

Plaintiff, LEANN MERCER ("Plaintiff"), and Defendants, CAESARS ENTERTAINMENT, INC. ("Caesars") and PARIS LAS VEGAS OPERATING CO., LLC ("Paris") ("Defendants") (together, the "Parties"), by and through their undersigned counsel, hereby agree and stipulate to stay all proceedings in this matter, including responsive pleadings and discovery, for **one-hundred twenty (120) days** from July 21, 2023 up to and including November 20, 2023, to permit time for the Parties to engage in mediation of Plaintiff's claims and causes of action against Defendants.

The purpose of the instant stipulation is to promote judicial economy and permit this Court to effectively control the disposition of cases on its docket with economy of time and effort for itself, counsel, and the litigants. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the dispositions of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Pate v. DePay Orthopedics, Inc.,* No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, *2 (D. Nev. Aug. 14, 2012) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (internal citations omitted). In evaluating whether to stay proceedings, the Court should look at the competing interests of the parties and of the Court, including "'possible damage which may result in granting the stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could expected to result from a stay.'" *Coker v. Dowd,* No. 2:13-cv-0994-JCM-NJK, 2013 WL 12216682, *1 (D. Nev. Jul. 8, 2013) (granting joint motion to stay all proceedings pending mediation), quoting *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005).

The Parties have been actively exploring alternative dispute resolution to potentially resolve this litigation entirely. As this is a putative class action, such exploration is more complex and time consuming. Nonetheless, the Parties have reached an agreement to engage in private mediation, which, due to availability of the Parties and counsel, is presently scheduled for Wednesday, October 25, 2023. The Parties believe that, through mediation, the Parties may be able to resolve the matter and avoid unnecessary litigation costs and the waste of judicial resources.

Based on the foregoing, the Parties agree that their interests are aligned in seeking to potentially resolve the matter entirely without expending unnecessary litigation costs and efforts, and that accordingly neither Plaintiff nor Defendants will be prejudiced by a stay of proceedings. The Parties also agree that they will each suffer an avoidable hardship – time and money spent litigating – if the matter is required to proceed at this stage considering the Parties' agreement to mediate. Lastly, the Parties respectfully submit that staying all proceedings pending mediation will

avoid the waste of judicial resources by simplifying or entirely disposing of the issues in this action. Accordingly, the Parties agree and stipulate that good cause exists to stay all proceedings as requested herein.

The Parties will also file a joint status report informing the Court of the outcome of mediation within fourteen (14) days of its completion as follows:

1. Should the Parties reach a settlement of all claims, the Parties will update the Court as to the tentative resolution and set forth a proposed briefing schedule for settlement approval; or

2. Should the Parties be unsuccessful at resolving all claims, the Parties shall inform the Court which, if any, claims were not resolved and propose a scheduling order for the matter to proceed, including for Defendants' responsive pleading and commencement of discovery.

The instant stipulation is submitted in good faith to allow the parties to potentially resolve the matter entirely through private mediation and is not for the purpose of causing any undue delay.

**IT IS SO STIPULATED.**

Dated: July 21, 2023

Respectfully submitted,

/s/ Joshua R. Hendrickson
MARK R. THIERMAN, ESQ.
JOSHUA D. BUCK, ESQ.
JOSHUA R. HENDRICKSON, ESQ.
LEAH L. JONES, ESQ.
THIERMAN BUCK, LLP

Attorneys for Plaintiff
LEANN MERCER

Dated: July 21, 2023

Respectfully submitted,

/s/ Michael D. Dissinger
MONTGOMERY Y. PAEK, ESQ.
AMY L. THOMPSON, ESQ.
MICHAEL D. DISSINGER, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendants
CAESARS ENTERTAINMENT, INC. AND PARIS LAS VEGAS OPERATING CO., LLC

**IT IS SO ORDERED.**

Dated: July 21, 2023

UNITED STATES DISTICT JUDGE

3