MONTGOMERY Y. PAEK, ESQ.
Nevada Bar No. 10176
AMY L. THOMPSON, ESQ.
Nevada Bar No. 11907
MICHAEL D. DISSINGER, ESQ.
Nevada Bar No. 15208
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169.5937
Telephone:    702.862.8800
Fax No.:      702.862.8811
mpaek@littler.com
athompson@littler.com
mdissinger@littler.com

Attorneys for Defendants
CAESARS ENTERTAINMENT, INC. AND PARIS LAS VEGAS OPERATING CO., LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LEANN MERCER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAESARS ENTERTAINMENT, INC.; PARIS LAS VEGAS OPERATING CO., LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00958-MMD-NJK<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND STAY OF PROCEEDINGS FOR 30 DAYS TO PERMIT TIME FOR ADDITIONAL MEDIATION EFFORTS**<br><br>**[SECOND REQUEST]** |

Plaintiff, LEANN MERCER ("Plaintiff"), and Defendants, CAESARS ENTERTAINMENT, INC. ("Caesars") and PARIS LAS VEGAS OPERATING CO., LLC ("Paris") ("Defendants") (together, the "Parties"), by and through their undersigned counsel, hereby agree and stipulate to extend the current stay of all proceedings in this matter by **thirty (30) days** from the current expiration date of November 20, 2023 up to and including Wednesday, December 20, 2023 to permit time for the Parties to continue their mediation efforts.

The purpose of the instant stipulation is to promote judicial economy and permit this Court to effectively control the disposition of cases on its docket with economy of time and effort for itself, counsel, and the litigants. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power

to stay proceedings is incidental to the power inherent in every court to control the dispositions of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Pate v. DePay Orthopedics, Inc.,* No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, *2 (D. Nev. Aug. 14, 2012) ("A trial court may, with proprietary, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (internal citations omitted). In evaluating whether to stay proceedings, the Court should look at the competing interests of the parties and of the Court, including "'possible damage which may result in granting the stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could expected to result from a stay.'" *Coker v. Dowd,* No. 2:13-cv-0994-JCM-NJK, 2013 WL 12216682, *1 (D. Nev. Jul. 8, 2013) (granting joint motion to stay all proceedings pending mediation), quoting *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005).

Consistent with the Parties' prior stipulation to stay proceedings (ECF No. 9), the Parties proceeded with private mediation on Wednesday, October 25, 2023. The Parties have agreed to reconvene for an additional mediation session on Tuesday, November 21, 2023, the earliest date that both the Parties and mediator are available to continue the mediation. The Parties continue to believe that through ongoing mediation efforts the Parties may be able to resolve the matter and avoid unnecessary litigation costs and waste of judicial resources. However, the current stay of proceedings expires on November 20, 2023. Therefore, the Parties agree that a thirty (30) day extension of the current stay of proceedings, up to and including Wednesday, December 20, 2023, is warranted so that the Parties can continue their efforts to resolve the matter entirely without expending unnecessary litigation costs and efforts, and that neither Plaintiff nor Defendants will be prejudiced by an extension of the current stay of proceedings. The Parties further agree that they will each suffer an avoidable hardship – time and money spent litigating – if the matter is required to proceed at this stage considering the Parties' agreement to reconvene the mediation on Tuesday, November 21, 2023. The Parties respectfully submit that extending the stay of proceedings until

conclusion of the mediation will avoid the waste of judicial resources by simplifying or entirely disposing of the issues in this action.

Accordingly, the Parties agree and hereby stipulate that good cause exists to extend the current stay of all proceedings up to and including Wednesday, December 20, 2023. The Parties will file a joint status report informing the Court of the outcome of the mediation within fourteen (14) days of its completion as follows:

1. Should the Parties reach a settlement of all claims, the Parties will update the Court as to the tentative resolution and set forth a proposed briefing schedule for settlement approval; or

2. Should the Parties be unsuccessful at resolving all claims, the Parties shall inform the Court which, if any, claims were not resolved and propose a scheduling order for the matter to proceed, including for Defendants' responsive pleading and commencement of discovery.

The instant stipulation is submitted in good faith to allow the parties to potentially resolve the matter entirely through private mediation and is not for the purpose of causing any undue delay.

**IT IS SO STIPULATED.**

Dated: October 31, 2023

Respectfully submitted,

/s/ Joshua R. Hendrickson, Esq.
MARK R. THIERMAN, ESQ.
JOSHUA D. BUCK, ESQ.
JOSHUA R. HENDRICKSON, ESQ.
LEAH L. JONES, ESQ.
THIERMAN BUCK, LLP

Attorneys for Plaintiff
LEANN MERCER

Dated: October 31, 2023

Respectfully submitted,

/s/ Amy L. Thompson, Esq.
MONTGOMERY Y. PAEK, ESQ.
AMY L. THOMPSON, ESQ.
MICHAEL D. DISSINGER, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendants
CAESARS ENTERTAINMENT, INC. AND PARIS LAS VEGAS OPERATING CO., LLC

**IT IS SO ORDERED.**

Dated: November 1, 2023

UNITED STATES DISTRICT JUDGE