MONTGOMERY Y. PAEK, ESQ.
Nevada Bar No. 10176
AMY L. THOMPSON, ESQ.
Nevada Bar No. 11907
MICHAEL D. DISSINGER, ESQ.
Nevada Bar No. 15208
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169.5937
Telephone:    702.862.8800
Fax No.:      702.862.8811
mpaek@littler.com
athompson@littler.com
mdissinger@littler.com

Attorneys for Defendants
CAESARS ENTERTAINMENT, INC. AND PARIS LAS VEGAS OPERATING CO., LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LEANN MERCER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAESARS ENTERTAINMENT, INC.; PARIS LAS VEGAS OPERATING CO., LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00958-MMD-NJK<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND STAY OF PROCEEDINGS FOR 45 DAYS TO PERMIT TIME FOR ADDITIONAL MEDIATION EFFORTS**<br><br>**[THIRD REQUEST]** |

Plaintiff, LEANN MERCER ("Plaintiff"), and Defendants, CAESARS ENTERTAINMENT, INC. ("Caesars") and PARIS LAS VEGAS OPERATING CO., LLC ("Paris") ("Defendants") (together, the "Parties"), by and through their undersigned counsel, hereby agree and stipulate to extend the current stay of all proceedings in this matter by **forty-five (45) days** from the current expiration date of December 20, 2023 up to and including Monday, February 5, 2024[1] to permit time for the Parties to continue their mediation efforts.

---

[1] Forty-five (45) days from December 20, 2023 falls on Saturday, February 3, 2024. Per Fed. R. Civ. P. 6(a)(1)(C) the stay will therefore be extended up to and including Monday, February 5, 2024.

The purpose of the instant stipulation is to promote judicial economy and permit this Court to effectively control the disposition of cases on its docket with economy of time and effort for itself, counsel, and the litigants. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the dispositions of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Pate v. DePay Orthopedics, Inc.,* No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, *2 (D. Nev. Aug. 14, 2012) ("A trial court may, with proprietary, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (internal citations omitted). In evaluating whether to stay proceedings, the Court should look at the competing interests of the parties and of the Court, including "'possible damage which may result in granting the stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could expected to result from a stay.'" *Coker v. Dowd,* No. 2:13-cv-0994-JCM-NJK, 2013 WL 12216682, *1 (D. Nev. Jul. 8, 2013) (granting joint motion to stay all proceedings pending mediation), quoting *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005).

As noted in the Parties' prior stipulation to extend the stay of proceedings (ECF No. 11) from November 20, 2023, up to and including December 20, 2023, the Parties engaged in private mediation on Wednesday, October 25, 2023, and agreed to reconvene for an additional mediation session on Tuesday, November 21, 2023, however the continued mediation date has since been rescheduled to Monday, January 15, 2024 which was the next earliest availability of all parties and the mediator. The Parties continue to agree that through ongoing mediation efforts the Parties may be able to resolve the matter entirely and avoid unnecessary litigation costs and waste of judicial resources. Because the stay currently expires on December 20, 2023, the Parties agree that an additional forty-five (45) day extension of the current stay of all proceedings, up to and including Monday, February 5, 2024, is warranted so that the Parties can continue their efforts to resolve the matter entirely without expending unnecessary litigation costs and efforts, and that neither Plaintiff nor Defendants will be prejudiced by an extension of the current stay of proceedings.

The Parties further agree that they will each suffer an avoidable hardship – time and money spent litigating – if the matter is required to proceed prior to the additional mediation session scheduled for Monday, January 15, 2024. The Parties respectfully submit that extending the stay of proceedings until conclusion of the mediation will avoid the waste of judicial resources by simplifying or entirely disposing of the issues in this action.

Accordingly, the Parties agree and hereby stipulate that good cause exists to extend the current stay of all proceedings up to and including Monday, February 5, 2024. The Parties also agree, stipulate and hereby request that: (1) the current December 5, 2023 deadline for filing a joint status report be moved to fourteen (14) days after January 15, 2024; and (2) the December 20, 2023 status check be rescheduled to a date on or after February 5, 2024. The Parties will file a joint status report informing the Court of the outcome of the mediation within fourteen (14) days of the January 15, 2024, mediation session as follows:

1. Should the Parties reach a settlement of all claims, the Parties will update the Court as to the tentative resolution and set forth a proposed briefing schedule for settlement approval; or

2. Should the Parties be unsuccessful at resolving all claims, the Parties shall inform the Court which, if any, claims were not resolved and propose a scheduling order for the matter to proceed, including for Defendants' responsive pleading and commencement of discovery.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The instant stipulation is submitted in good faith to allow the parties to potentially resolve the matter entirely through private mediation and is not for the purpose of causing any undue delay.

**IT IS SO STIPULATED.**

Dated: November 28, 2023

Respectfully submitted,

/s/ Joshua R. Hendrickson
MARK R. THIERMAN, ESQ.
JOSHUA D. BUCK, ESQ.
JOSHUA R. HENDRICKSON, ESQ.
LEAH L. JONES, ESQ.
THIERMAN BUCK, LLP

Attorneys for Plaintiff
LEANN MERCER

Dated: November 28, 2023

Respectfully submitted,

/s/ Michael D. Dissinger
MONTGOMERY Y. PAEK, ESQ.
AMY L. THOMPSON, ESQ.
MICHAEL D. DISSINGER, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendants
CAESARS ENTERTAINMENT, INC. AND PARIS LAS VEGAS OPERATING CO., LLC

**IT IS SO ORDERED.**

Dated: November 29, 2023

_____
UNITED STATES DISTRICT JUDGE