**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LEANN MERCER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAESARS ENTERTAINMENT, INC.; PARIS LAS VEGAS OPERATING CO., LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-00958-MMD-NJK<br><br>**ORDER**<br><br>**(1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS;**<br><br>**(2) PRELIMINARILY APPROVING THE CLASS SETTLEMENT;**<br><br>**(3) APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL;**<br><br>**(4) APPROVING CLASS NOTICE AND RELATED MATERIALS;**<br><br>**(5) APPOINTING SETTLEMENT ADMINISTRATOR; AND**<br><br>**(6) SCHEDULING FINAL APPROVAL HEARING** |

Having considered the Joint Motion of Plaintiff, Leann Mercer ("Plaintiff"), and Defendants, Caesars Entertainment, Inc. ("Caesars") and Paris Las Vegas Operating Co., LLC ("Paris") (collectively "Defendants"), for Preliminary Approval of Class and Collective Action Settlement, and all supporting legal authorities and documents, the Court finds the Joint Motion appropriate for decision on the papers and therefore orders as follows:

**IT IS SO ORDERED:**

1. The Court has jurisdiction over this action and the parties' proposed settlement under 28 U.S.C. sections 1331 and 1367, as Plaintiff's Complaint was brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and related Nevada wage-and-hour law; the Court has original jurisdiction over Plaintiff's federal law claims; and the Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise from the same alleged transactions and occurrences as do Plaintiff's federal-law claims.

2. The proposed settlement class satisfies the requirements of a class action settlement class under Fed. R. Civ. P. 23 and a collective action settlement class under section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b) because the class members are readily ascertainable, and a well-defined community of interest exists in the common questions of law and fact affecting the parties.

3. The following class of persons are certified in this action solely for the purposes of the Settlement:

> All non-exempt hourly employees who worked for Defendants or related entities as poker dealers at the World Series of Poker in Paradise, Nevada in 2021 (September 30, 2021 through November 23, 2021), 2022 (May 31, 2022 through July 18, 2022), and/or 2023 (May 30, 2023 through July 18, 2023).

4. The parties' Settlement Agreement (the "Settlement") is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate, and reasonable to all potential members of the Settlement Class when balanced against the probable outcome of further litigation, and ultimately relating to liability and damages issues, and appears to be the product of arm's length and informed negotiations.

Doc ID: b67a22f78b90c15f280c559d071b913cb96403c6

5. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed (i) Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval, and (ii) proposed Claim Form (Exhs. A and B) (the "Class Notice Packets") are sufficient to inform members of the Class of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a proportionate Settlement Share or opt-out and not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are approved.

6. Any member of the Class who submits a timely Claim Form and Consent to Join Settlement Form within thirty (30) days after the date the Settlement Administrator mails the Notice Packet will receive a Settlement Share.

7. Those members of the Class who wish to comment on, object to or opt-out of the Settlement have until thirty (30) days after the mailing of the Class Notice Packet to submit their comments, objection or opt-out notice pursuant to the procedures set forth in the Class Notice.

8. ILYM Group, Inc. is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

9. Plaintiff Leann Mercer is appointed as Class Representative along with Proposed Plaintiffs Jocelyn Lewis and Mike Brady,[1] and the Court preliminarily approves a Class Representative Payment in the amount of $15,000.00 to Plaintiff Mercer, and $15,000.00 each to Proposed Plaintiffs Jocelyn Lewis and Mike Brady.

10. Joshua Buck of Thierman Buck, LLP, and Joshua R. Hendrickson of Hendrickson Law Group PLLC, are appointed Class Counsel and the Court preliminarily approves their attorneys' fee request of no more than $1,853,333.33 and litigation costs not to exceed $17,500.00.

---

[1] The Parties stipulated to add Proposed Plaintiffs Jocelyn Lewis and Mike Brady as named Plaintiffs.

Doc ID: b67a22f78b90c15f280c559d071b913cb96403c6

1  11. The Class Notice Packet will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties. Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing.

12. Defendants are directed to provide the Settlement Administrator as soon as possible using best efforts, and in no event later than ten (10) business days after the date of this order, the Class Data as specified by the Settlement Agreement and Plaintiff's Class Counsel shall provide to the Settlement Administrator any and all information regarding current addresses of class members.

13. The Settlement Administrator is directed to mail the approved Class Notice Packet by first-class mail to members of the respective classes as soon as possible using best efforts, with the intent of issuing the Class Notice Packet to every Class Member by April 1, 2024 such that all claims must be filed by May 1, 2024. If the parties are unable to complete the mailing of Notice by April 1, 2024, the Settlement Administrator is directed to refrain from issuing the Class Notice Packet until after August 1, 2024, and to thereafter mail the approved Class Notice Packet by first-class mail to members of the respective classes within (10) calendar days of that date, by August 11, 2024.

14. As stated in the Parties' joint motion, the instant action is a Rule 23 class action subject to the notice requirements of the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715(b). Within ten (10) days of the Parties' filing of the joint motion, Defendants served upon the appropriate State official of each State in which a class member resides, and the appropriate Federal official, a notice of the Settlement consistent with the requirements enumerated by 28 U.S.C. § 1715(b)(1)-(8). The Court may not issue an order granting final approval of the Settlement earlier than ninety (90) days after service of the notice of Settlement upon the appropriate State and Federal official.

15. Thus, a final hearing will be held in this department on __August 7__, 2024, at __10:00 a__.m., to determine: (1) whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court; (2) the amount of attorney's fees and litigation costs to award to Class Counsel; (3) the amount to be paid to the Claims Administrator; and (4) the

-- 4 --

amount of the Incentive Payments for the Class Representatives. The Court will hear all evidence and argument necessary to evaluate the Settlement and Class Members and their counsel may support, oppose, or comment upon the Settlement if they so desire, as set forth in the Class Notice.

16. Any Class Member may appear at the final approval hearing in person or by his or her own attorney and show cause why the Court should not approve the Settlement or object to the award of the Class Representative Payment or the Class Counsel Fees and Costs. For any comments or objections to be considered at the hearing, the Class Member must file written objections and/or comments with the Clerk of Court setting forth the nature of his/her comments, support or objection, and serve the same on counsel for the parties not later than thirty (30) calendar days after the Settlement Administrator mails the Class Notice Packets.

17. If no objections or comments are made to the Settlement, the parties may apply to the Court to expedite the date of the final approval hearing. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

18. All papers filed in support of final approval of the settlement, and response to any objections, will be filed no later than __July 29__, 2024.

Dated: __March 29__, 2024.

_____
Hon. Miranda M. Du
United States Chief District Judge

-- 5 --