UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LEANN MERCER; JOCELYN LEWIS; and MIKE BRADY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAESARS ENTERTAINMENT, INC.; PARIS LAS VEGAS OPERATING CO., LLC; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-00958-MMD-NJK<br><br>**ORDER**<br><br>**(1) CONFIRMING CERTIFICATION OF CLASS ACTION AND COLLECTIVE ACTION;**<br><br>**(2) GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; AND**<br><br>**(3) ENTERING FINAL JUDGMENT** |

On October 2, 2024, a hearing was held on Plaintiffs Leann Mercer, Jocelyn Lewis; and Mike Brady's ("Plaintiffs") Unopposed Motion for Final Approval of their class and collective action settlement (the "Settlement"). Joshua Buck, Esq. of Thierman Buck, LLP, and Joshua R. Hendrickson, Esq. of Hendrickson Law Group PLLC appeared for the Plaintiffs, and Montgomery Y. Paek, Esq. of Littler Mendelson, P.C. appeared for Defendants, Caesars Entertainment, Inc. ("Caesars") and Paris Las Vegas Operating Co., LLC ("Paris") ("Defendants") (together with Plaintiffs, the "Parties").

The Parties have submitted their Settlement, which this Court preliminarily approved by its March 29, 2024, Order (ECF No. 25) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and an opportunity to comment. Class Members have also been provided with a Claim Form.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and **HEREBY ORDERS** and **MAKES DETERMINATIONS** as follows:

1. The Court has jurisdiction over this action and the parties' Settlement under 28 U.S.C. sections 1331 and 1367, as Plaintiffs' Complaint was brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.; and related Nevada wage-and-hour law; the Court has original jurisdiction over Plaintiff's federal law claims; and the Court has supplemental jurisdiction over Plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences as do Plaintiffs' federal-law claims.

2. Pursuant to this Court's Preliminary Approval Order, a Class Notice Packet consisting of a (i) Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval, and (ii) Claim Form was sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to receive a proportionate

1   Settlement Share, their right to object to the Settlement or to opt-out of the Settlement, and their
2   right to appear in person or by counsel at the final approval hearing and be heard regarding
3   approval of the Settlement. Adequate periods of time were provided by each of these procedures.

4      3. The Court finds and determines that this notice procedure afforded adequate protections to all Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

9      4. No Class Members filed valid written objections to the proposed Settlement as part of this notice process or stated an intent to appear at the final approval hearing. However, one individual who opted out, Mark Drewes, also submitted an untimely letter purporting to assert objections to the settlement. Because Mr. Drewes filed a valid exclusion letter opting out of the Settlement Class, he is not a class member and thus lacks standing to object to the Settlement. The Court strikes Mr. Drewes objections from the record on that basis. The Court nonetheless considered Mr. Drewes' objections in arriving at its decision and hereby overrules all such objections. No Class Members filed written comments to the proposed Settlement.

17      5. For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the Class, as defined in the definitions section of the Settlement, meets all of the legal requirements for certification as a class action under Fed. R. Civ. P. 23 and as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), and it is hereby ordered that the Class is finally certified as a class and collective for purposes of Settlement of this action.

22      6. The Court confirms the appointment of Named Plaintiffs Leann Mercer, Jocelyn Lewis, and Mike Brady as Class Representatives and approves a Class Representative Payment in the amount of $15,000.00 each to Plaintiffs Mercer, Lewis, and Brady.

25      7. The Court confirms the appointment of Thierman Buck, LLP and Hendrickson Law Group, PLLC as Class Counsel for the Settlement Class and approves their requests for attorneys' fees in the amount of $1,853,333.33 and costs in the amount of $15,447.76.

8. Pursuant to FRCP 23(e), the Court grants final approval to this Settlement and finds that the Settlement is fair, reasonable, and adequate in all respects, including the attorneys' fees, costs, and Incentive Payment provisions. The Court specifically finds that the Settlement confers a substantial benefit to Settlement Class Members, considering the strength of Plaintiffs' claims and Defendants' defenses, and the risk, expense, complexity, and potential duration of further litigation. The response of the Class supports Settlement approval. No Class Members objected to the Settlement and only nine requested exclusion from the Settlement. The Court further finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides, which supports approval of the Settlement in accordance with the standards set forth in the Unopposed Motion for Final Approval of Settlement.

9. The Court finds that, as of the date of this Order, each and every Class Member has waived and released claims as set forth in the Settlement Agreement and Notice of Class Action Settlement and that the Class Members who have not opted out will be bound by the Settlement.

10. The Court finds and determines that ILYM Group, Inc. is entitled to $17,791.47 for administrative fees. The Court directs the Parties to effectuate the Settlement terms as set forth in the Settlement Agreement and the Claims Administrator to calculate and pay the claims of the Class Members in accordance with the terms set forth in the Settlement Agreement.

11. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendants make all payments in accordance with the Settlement.

12. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

13. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this

Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

14. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1), Federal Rules of Civil Procedure.

15. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

16. The Parties are hereby ordered to comply with the terms of the Settlement.

17. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except for the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment as provided by the Settlement and approved by the Court in this Order.

Dated: October 2, 2024.

_____
Hon. Miranda M. Du
United States District Judge